THE PEOPLE ex rel. MYRON H. MILLS, Appellants, *v.* GILSON
A. DAYTON, Auditor, etc., Respondent.

THE PEOPLE ex rel. GILBERT PETERSON, Respondents, *v.* GIL-
SON A. DAYTON, Auditor, etc., Appellant.

(Argued November 26, 1872; decided December 3, 1872.)

THIS was a controversy between the relators as to their
respective rights to an appropriation, in the hands of the
State treasurer, to pay an award of the canal board. Both
had demanded from the auditor his warrant upon the treasurer
therefor, and upon his refusal each applied for a mandamus
to compel the issuing thereof.

In September, 1854, Mills entered into a contract with the
State to construct section 364 of the Erie canal enlargement.
He did part of the work, but in 1857 the State ordered the
suspension of the work.

The contract provided that fifteen per cent of the amount
of work done or materials furnished should be reserved upon
each monthly estimate until the work was fully completed.
It also contained a clause that, if at any time the work should
be suspended by the State, no claim for prospective profits on
work not done should be allowed the contractor, but that
he should have the right to complete the work when the State
should order it to be resumed. Mills entered upon and con-
tinued the work until 1857, when the State ordered its sus-
pension. In 1861, Mills assigned the contract to Peterson
and one Walbridge, transferring "all moneys, drafts, estimates
or interests which may hereafter become due and payable by

reason of the aforesaid contract." Walbridge assigned his interest to Peterson. The work was resumed subsequently, and completed by Peterson, who settled his accounts therefor. By chapter 875, Laws of 1871, the legislature authorized the canal board to open the final accounting, readjust the same, and allow "Mills or his assigns" such sums as should be just and equitable. Under this power the canal board awarded to "Mills or his assigns" $3,615, the amount of the fifteen per cent upon the work done by Mills before the assignment, with interest thereon; also, $656 and interest for materials furnished and used by Mills prior to the assignment. An appropriation was made to pay this award. The motions for mandamus were heard together, as were also the appeals. The Special Term decided that Mills was entitled to the whole sum; granted his motion for a mandamus, and denied that of Peterson. The General Term decided that Peterson was entitled to the fifteen per cent and interest, and Mills to the residue, and modified the orders accordingly. *Held*, that in all respects, save the option of the contractor to do the work under it in case the State resumed, the contract was terminated by the suspension, and the fifteen per cent thereby became due and was due at the time of the assignment, and that therefore Mills was entitled to the whole award.

*Samuel Hand* for Mills.

*Amasa J. Parker* for Peterson.

GROVER, J., reads opinion for reversal of order of General Term, and affirmance of that of Special Term.

All concur, except CHURCH, Ch. J., not voting.

Ordered accordingly.